Stephen M. Orr, Hans Viktor Olavson, Orr & Olavson, Austin, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Hector Perez ("Perez") appeals the sentence imposed following his guilty-plea convictions for conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and possession with intent to distribute cocaine base. Perez argues that the district court erred by applying a four-level leadership enhancement to his sentence pursuant to U.S.S.G. § 3B1.1(a). Perez admits that he led one participant in the criminal activity, but argues that he did not lead any of the other participants. Perez further contends that leading one participant in a criminal activity that includes five or more participants is insufficient to support a four-level leadership enhancement. Perez concedes that this argument is foreclosed by *United States v. Okoli*, 20 F.3d 615, 616 (5th Cir.1994), but asserts that *Okoli* was incorrectly decided.

The district court's application of the four-level leadership enhancement under U.S.S.G. § 3B1.1 was not erroneous because Perez led at least one participant and the criminal activity involved five or more participants. *See Okoli*, 20 F.3d at 616. As there have been no superceding *en banc* or Supreme Court decisions contrary to *Okoli*, this panel cannot overrule the holding in *Okoli*. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th

Cir.1999). Because *Okoli* is controlling, we do not reach Perez's argument that he only led one of the participants in the criminal activity.

AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Marcelino VENEGAS–HERNANDEZ, also known as Emilio Fernandez, Defendant–Appellant.

No. 03–50631.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Robert J. Perez, El Paso, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

---

PER CURIAM.*

Jose Marcelino Venegas–Hernandez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Venegas–Hernandez contends that 8 U.S.C. § 1326(b)(2) is an unconstitutional sentencing provision. He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed under 8 U.S.C. § 1326(a).

In *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47, 118 S.Ct. 1219. Venegas–Hernandez acknowledges that his argument is foreclosed by *Almendarez–Torres,* but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He seeks to preserve his argument for further review.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

